# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| KIMBERLY D. GRIGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-04141-CV-RK |
| | ) |
| ANDREW M. SAUL, Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d

549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: degenerative disc disease of the spine; degenerative joint disease of the knees, shoulders, and hips; status post left ankle debridement; asthma; major depressive disorder; obsessive compulsive disorder ("OCD"); generalized anxiety disorder; and posttraumatic stress disorder ("PTSD"). The ALJ also determined that Plaintiff has the following non-severe impairments: migraines, seizures, myoclonic jerking, and gallstones. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) with the following exceptions:

> The claimant can never climb, kneel, crouch or crawl. She can occasionally balance and stoop and may frequently reach. The claimant must avoid any hazards such as dangerous machinery and unprotected heights. The claimant would need to avoid concentrated exposure to smoke, fumes, dusts and gases. She is capable of performing simple routine tasks throughout the workday in an occupation that does not require her to communicate with the general public on behalf of her employer.

(Tr. 20.) Although the ALJ found that Plaintiff is unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal Plaintiff argues the ALJ's RFC was not supported by substantial evidence because he did not properly weigh the opinion of Dr. Casey Williams, Plaintiff's treating physician, and the ALJ failed to propose a hypothetical question which captured the concrete consequences of Plaintiff's deficiencies. Both arguments are without merit and the Court will address each in turn.

## I. The ALJ's RFC and Weighing of the Medical Opinions was Supported by Substantial Evidence

The ALJ gave partial weight to the opinion of Dr. Williams. (Tr. 25.) Dr. Williams opined that Plaintiff could:

2

> frequently lift up to ten pounds, stand or walk for one hour, and sit four hours total . . . . [and] would need to recline, assume a supine position and prop her legs up two to three feet one to three times a day; could occasionally reach, handle, and balance and less than occasionally climb, stoop, kneel, and crouch.

(*Id.*)  The ALJ gave weight to Dr. Williams' opinion that Plaintiff could frequently lift up to ten pounds, but gave no weight to the other opinions because he found them to be overstated and inconsistent with the record as a whole.  (*Id.*) *See Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005) (A "finding of inconsistency with other evidence alone is sufficient to discount the [treating physician's] opinion.").

This determination was supported by substantial evidence.  While Plaintiff claims the ALJ did not cite any medical opinion in determining the weight given, that ignores the ALJ's detailed discussion of the medical evidence.  (Tr. 20-25.)  Notably, a few days after Dr. Williams gave his opinion, Dr. Wolf's examination noted only mild tenderness to palpitation in the low back and no weakness, numbness, or bowel or bladder complaints.  (Tr. 22, 1069.)  A few months later, in September 2017, Dr. Gorham noted Plaintiff walked with a normal gait and had normal motor strength at 5/5 in her lower extremities.  (Tr. 1076.)  After giving his opinion regarding Plaintiff's mobility, even Dr. Williams noted Plaintiff walked with a normal gait a few months later.  (Tr. 25, 1177.)  Therefore, there was substantial evidence to support the ALJ's determination that some of Dr. Williams opinions were overstated and afforded no weight.

Plaintiff also argues the ALJ erred in in giving more weight to the state agency consultant, Dr. Gwartney.  Dr. Gwartney opined in January 2017 that Plaintiff could perform at least sedentary work with some additional postural and environmental limitations to account for her symptoms. (Tr. 25, 91-93.)  The ALJ determined Dr. Gwartney's opinion deserved weight because it was generally consistent with the record as a whole.  (Tr. 20-25, 91, 93.)  Consistency with the record is an important factor in deciding the weight accorded to medical opinions.  20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give that opinion."); *see also Marbry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016) ("The state agency physicians' opinions were consistent with the other medical evidence and it was proper for the ALJ to rely on them, in part, in formulating [the claimant's] RFC.").  In determining the consistency of the record as a whole, the ALJ considered Plaintiff's allegations of disabling pain, Plaintiff's improved condition, Plaintiff's daily activities, and the numerous medical records.  (*See e.g.*, Tr. 20-26, 37-40, 53-55, 746-51.)  Plaintiff argues the ALJ did not cite

3

any medical basis for the assertion Dr. Williams' opinion was inconsistent. This argument ignores the pages of discussion of medical evidence considered in finding Dr. Williams' opinion inconsistent. (Tr. 20-25.)

Finally, Plaintiff makes various arguments about the weight the ALJ gave to the medication Plaintiff was taking and her daily activities. This argument goes to factual interpretation not factual sufficiency. Even if a different interpretation could be given to those facts, the ALJ's RFC and the weighing of the medical opinions was supported by substantial evidence.

**II.     The ALJ's Hypothetical Question was Proper**

Next, Plaintiff argues the ALJ erred because he did not propose a hypothetical question to the vocational expert which captured the concrete consequences of Plaintiff's deficiencies. Specifically, Plaintiff argues the ALJ erred by failing to include the fact that Plaintiff used a cane as an assistive device. Testimony from a vocational expert constitutes substantial evidence when based on a properly phrased hypothetical question. *Cruz v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996). A hypothetical question need not state all of Plaintiff's impairments. *Goff*, 421 F.3d at 794. Rather, a hypothetical question is sufficient if it sets forth the limitations supported by substantial evidence in the record and accepted as true by the ALJ. *Id.* Here, while the ALJ noted that Plaintiff sometimes uses a cane (Tr. 21-23, 25), the ALJ specifically rejected the proposition that Plaintiff required a cane to stand and walk, noting that the treatment records often revealed that Plaintiff had normal strength and range of motion. (Tr. 25, 1076, 1085, 1106, 1146.) The ALJ also noted that Plaintiff reported fishing and walking across a property carrying her granddaughter, and she appeared without her cane during at least one appointment. (Tr. 25, 53-55.) Substantial evidence supports the ALJ's RFC and determination that she did not need a cane to walk or stand. Therefore, the ALJ's hypothetical question was proper.

4

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision for the reasons above and set forth in the Commissioner's brief. Therefore, the decision of the ALJ is **AFFIRMED**.

**IT IS SO ORDERED.**

                                              s/ Roseann A. Ketchmark
                                              ROSEANN A. KETCHMARK, JUDGE
                                              UNITED STATES DISTRICT COURT

DATED: June 2, 2020

5

Case 2:19-cv-04141-RK   Document 19   Filed 06/02/20   Page 5 of 5